UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ASCOT INSURANCE COMPANY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2874**<br>**c/w 22-2979**<br>**c/w 22-2966**<br>**c/w 23-2542** |
| **AMERICAN RIVER TRANSPORTATION COMPANY, LLC** | **SECTION: D (4)** |

### ORDER and REASONS

Before the Court is a Motion to Strike Salvage Plaintiffs' Late-Filed Motion for Partial Summary Judgment, Rec. Doc. 127, filed by defendant, American River Transportation Company, LLC ("ARTCO").[1] Lower River Ship Service, LLC, Troy Currault, Nicholas Currault II, Andre Currault, and Sidney Freeman (collectively, the "Salvage Plaintiffs") oppose the Motion.[2] The Court granted ARTCO's request for expedited consideration and set the Motion to Strike for submission on February 26, 2024.[3] As such, the Motion is ripe for determination.

---

[1] R. Doc. 129.

[2] R. Doc. 133. The Court notes that the Opposition brief fails to specify which parties comprise the "Salvage Plaintiffs." *See, generally,* R. Doc. 133. The pleading, however, was signed by counsel for Lower River Ship Service, LLC, Troy Currault, Nicholas Currault II, C&V Machine, LLC, Randt Tugs, LLC, and Sidney Freeman. R. Doc. 133 at p. 5. The Court notes that there is no party named "C&V Machine, LLC," and that this appears to be a typographical error meant to reference the party, "C&V Marine, LLC." The Court further notes that in a separate pleading, the Salvage Plaintiffs define themselves as including Nicholas Currault, Andre Currault, Troy Currault, Lower River Ship Service, LLC, and Sidney Freeman. R. Doc. 127 at p. 3. ARTCO likewise defines "Salvage Plaintiffs" in its Motion to Strike as including Nicholas Currault, Andre Currault, Troy Currault, Lower River Ship Service, LLC, and Sidney Freeman. R. Doc. 129 at p. 1. As such, the Court's reference to the "Salvage Plaintiffs" is a reference to Nicholas Currault, Andre Currault, Troy Currault, Lower River Ship Service, and Sidney Freeman.

[3] R. Doc. 132.

After careful review of the parties' memoranda, the record, and the applicable law, the Motion to Strike is **GRANTED** and the Salvage Plaintiffs' untimely-filed FRCP 56(f) Motion Partial [sic] Summary Judgment is hereby **stricken** from the record.

### I. LAW AND ANALYSIS

"A district court has broad discretion in determining how to best preserve the integrity and purpose of its scheduling order."[4]  "Federal Rule of Civil Procedure 16 allows a court to exclude expert testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order."[5]  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." According to the Fifth Circuit, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[6]  In determining whether the movant has met its burden of proving that "good cause" exists under Rule 16(b)(4) to modify a deadline set forth in the scheduling order, this Court must consider the following four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[7]

---

[4] *Huffman v. Turner Indus. Grp., LLC*, Civ. A. No. 12-1061, 2013 WL 2285124, at *5 (E.D. La. May 22, 2013) (Brown, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 547 (5th Cir. 2003)).
[5] *Matter of Honey Island Adventure, LLC*, Civ. A. No. 16-6940 c/w 16-10728 c/w 17-2652 c/w 17-2896, 2017 WL 6559871, at *2 (E.D. La. Dec. 22, 2017) (Brown, J.) (*citing* Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(A)).
[6] *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (*quoting* 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[7] *Ortiguerra v. Grand Isle Shipyard,* Civ. A. No. 22-309, 2023 WL 3676793, at *3 (E.D. La. May 25, 2023) (Roby, M.J.) (quoting *S&W Enterprises, LLC*, 315 F.3d at 536).

The Court issued a Scheduling Order in this case on January 5, 2023,[8] which was amended several times at the request of the parties.[9] The Court issued an Amended Scheduling Order on September 20, 2023, specifying that, "All non-evidentiary pretrial motions, including Motions for Summary Judgment and Motions *in limine* regarding the admissibility of expert testimony, shall be filed in sufficient time to permit a submission date of **February 20, 2024.**"[10]  Pursuant to the Local Civil Rules of the United States District Court for the Eastern District of Louisiana, in order to permit a submission date of February 20, 2024, the deadline for the parties to file any motions for summary judgment was February 5, 2024.[11] Accordingly, the Salvage Plaintiffs' FRCP 56(f) Motion Partial [sic] Summary Judgment, filed on February 15, 2024 in conjunction with Troy Currault's Opposition brief to ARTCO's Motion for Summary Judgment,[12] is untimely under the Court's Amended Scheduling Order.

The Court further finds that the Salvage Plaintiffs have failed to show that good cause exists under Fed. R. Civ. P. 16 to amend the Scheduling Order with respect to the deadline for filing summary judgment motions. Turning to the first factor, the movant's explanation for failing to comply with the deadline, the Salvage Plaintiffs do not claim that they missed the pretrial motion deadline due to counsel's inadvertence. Instead, the Salvage Plaintiffs assert that they were aware of the

---

[8] R. Doc. 33.
[9] R. Docs. 49, 53, & 88.
[10] R. Doc. 110 at p. 3 (emphasis in original). The Court notes that the Amended Scheduling Order was subsequently amended at the request of the parties with respect to the expert report deadlines. *See,* R. Doc. 118.
[11] LR 7.2.
[12] R. Doc. 127.

deadline and chose not to file a motion for summary judgment "because the issue would not necessarily save any costs at trial."[13] The Court finds this explanation weak, at best, and weighs against a finding of good cause. The Court reaches the same conclusion as to the second factor, the importance of the relief requested. Notably, the Salvage Plaintiffs do not address the importance of their untimely motion for summary judgment, and seem to assert that they sought summary judgment "to, at the very least, obtain some benefit from opposing a motion which they respectfully submit should not have been filed in the first place."[14] This reasoning does not support a finding of good cause to modify the Amended Scheduling Order.

Regarding the third factor, the potential prejudice in granting the relief sought, the Salvage Plaintiffs assert that ARTCO will not be prejudiced if the Court considers its untimely motion for summary judgment "because the legal and factual elements of the two motions (ARTCO's and Savage [sic] Plaintiffs') are essentially the same."[15] The Court disagrees and finds that ARTCO will suffer some prejudice if it is forced to expend time and resources opposing an untimely dispositive motion.[16] As such, the Court finds that this factor weighs slightly against a finding of good cause. As to the fourth factor, the availability of a continuance to cure any prejudice, the Salvage Plaintiffs assert that there is no need for a continuance because there is no

---

[13] R. Doc. 133 at p. 3.
[14] *Id.*
[15] *Id.*
[16] The Court notes that a bench trial in this matter is scheduled for April 23, 2024. R. Doc. 110.

prejudice.[17] Although the Salvage Plaintiffs have failed to meaningfully address this factor, the Court finds that a short continuance of the pretrial motion deadline would not cure the prejudice to ARTCO, as ARTCO would still need to dedicate time resources to respond to the untimely motion. The Court therefore finds that the fourth factor weighs against a finding of good cause.

After considering the four factors, the Court finds that the Salvage Plaintiffs have failed to show that good cause exists under Rule 16(b)(4) to modify the Amended Scheduling Order with respect to the pretrial motion deadline. Accordingly, the Court grants ARTCO's Motion and will strike the Salvage Plaintiffs' untimely-filed FRCP 56(f) Motion Partial [sic] Summary Judgment.[18] To the extent Troy Currault's Opposition to ARTCO's Motion for Summary Judgment is contained in the same document as the Salvage Plaintiffs' FRCP 56(f) Motion Partial [sic] Summary Judgment,[19] the Opposition brief shall remain in the record.

## II. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Strike Salvage Plaintiffs' Late-Filed Motion for Partial Summary Judgment, Rec. Doc. 127,[20] is **GRANTED** and the Salvage Plaintiffs' FRCP 56(f) Motion Partial [sic] Summary Judgment[21] is hereby **STRICKEN** from the record. Troy Currault's

---

[17] R. Doc. 133 at p. 3.
[18] R. Doc. 127.
[19] *See*, R. Doc. 127.
[20] R. Doc. 129.
[21] R. Doc. 127.

Opposition to ARTCO's Motion for Summary Judgment, however, which is contained in the same pleading,[22] shall remain in the record.

    New Orleans, Louisiana, March 7, 2024.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[22] *See,* R. Doc. 127.